IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00873-WDM-BNB

GREAT DIVIDER GOLF, INC., a Colorado corporation,

Plaintiff,

v.

SUN MOUNTAIN SPORTS, INC., a Montana corporation,

Defendant.
_____

**ORDER**
_____

This matter is before me on the parties' **Joint Motion to Amend Scheduling Order** [Doc. # 53, filed March 2, 2006] (the "Motion"). The Motion seeks an order extending the following deadlines: (1) expert disclosures; (2) rebuttal expert disclosures; (3) expert discovery cut-off; (4) dispositive motion deadline; and (5) pretrial conference. The parties request that the extensions be to unspecified future dates tied to the court's order construing the claims of the patent-in-suit. At the extreme, the parties request that the dispositive motion deadline be 135 days after the district judge enters an order construing the claims. The Motion is DENIED.

This case was filed on May 12, 2005. I held a scheduling conference on July 14, 2005, and entered a scheduling order. In general, I adopted the deadlines proposed by the parties. Thereafter, I extended some of the deadlines at the request of the parties. Consequently, as amended, the parties have been allowed approximately seven months for fact discovery; ten months for expert discovery; eight months to make expert disclosures; and nine months to make

rebuttal expert disclosures. In addition, I held a settlement conference on September 9, 2005, which was unsuccessful.

At the scheduling conference the parties addressed the need for a *Markman* hearing, and I set October 21, 2005, as the deadline for the parties to submit claim construction briefs. *Markman* briefing has been completed, and the district judge has set a *Markman* hearing for April 20, 2006.

The parties urge that the pretrial deadlines should be extended to a date after the district judge rules on the issue of claim construction in order to avoid "additional costs and attorneys' fees in revising expert reports and re-deposing expert witnesses. . . ." Motion, ¶5. The parties argue further:

> In addition to allowing the parties to litigate this case in the most economical fashion, the deadlines proposed herein will also provide the parties with additional time to explore settlement prior to disclosing and deposing expert witnesses, thereby potentially avoiding unnecessary litigation costs.

Id. at ¶6.

A scheduling order may be amended only upon a showing of good cause. Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 440-41 (D. Colo. 2000). "Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D. S.C. 1997).

The parties have not established good cause to extend the deadlines to indefinite dates which may be months in the future. At best, the parties argue that the extensions, if granted, will make the litigation less expensive. On the other hand, the extensions will unreasonably extend the length of pretrial proceedings (and the time to trial), assuring that the case will not be ready for a

final pretrial conference for at least four months after a *Markman* ruling.  Finally, the parties have offered argument, but no evidence, that compliance with the existing schedule will substantially increase the costs of the litigation.

    IT IS ORDERED that the Motion is DENIED.

    Dated March 6, 2006.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge